BRIAN P. WORTHINGTON/Bar No. 006179
RYAN M. VENCI/Bar No. 007547
RYAN MERCALDO & WORTHINGTON LLP
6130 Elton Avenue
Las Vegas, Nevada 89107
(702) 880-9222

Attorneys for Defendant NORTH AMERICAN
SPECIALTY INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>NORTH AMERICAN SPECIALTY INSURANCE COMPANY,<br><br>　　　　　Defendant. | CASE NO. CV-S-06-00136-LRH-RAM<br><br>**DEFENDANT'S OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFF IN ITS OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Defendant North American Specialty Insurance Company ("NAS") hereby objects to the following evidence submitted by Plaintiff Great American Insurance Company in its Opposition to NAS's Motion for Summary Judgment:

1.  NAS objects to the deposition testimony of Karl MacGibbon on pp. 101-102 of the transcript, Exhibit C attached to the Declaration of Jennifer D. McKee. This testimony is the result of questions that call improperly for an expert opinion and thus the testimony is improper opinion. The testimony lacks foundation for the opinion.

The testimony relates to what constitutes "property damages" under the two NAS insurance policies involved in this case. Great American failed to lay any foundation that the witness had the expertise necessary to provide an opinion as to how the term "property damage" should be interpreted under an insurance contract. There is no evidence that the witness has legal training or experience that would provide him with the basis for an expert opinion under Federal Rule

of Evidence ("FRE") 702. Great American also failed to lay sufficient foundation or provide evidence that the witness has sufficient knowledge, training or experience to provide an expert opinion under FRE 702 as to what constitutes property damage in the field of construction.

    2.    NAS objects to the letter from Stephen Castranova to Ralph Rowland that is part of Exhibit D to the McKee Declaration. This letter is inadmissible under FRE 802. It is hearsay under FRE 801(c) because it is an out-of-court statement offered for the truth of the matter asserted.

The letter purports to summarize the deposition testimony of Marilyn Skender. It represents that Skender testified that she noticed roof leaks for the first time in 2002, and it is offered by Great American to prove that Skender testified that she noticed roof leaks for the first time in 2002. There is no applicable exception to the hearsay rule that would allow this document to be admitted into evidence.

    3.    NAS objects to Great American's reliance on handwritten notes in the letter to the State Contractor's Board, which is attached to NAS's Motion for Summary Judgment as Exhibit !. The handwritten notes are inadmissible hearsay under FRE 801(c) and 802, and also lack foundation.

The typewritten portions of the letter that NAS relies on are admissible because they are not offered for the truth of the matters asserted, but rather are offered solely for the purpose of showing that the purported insured under NAS's policies had knowledge and were put on notice of specified defects and damages before the NAS policy periods began. In contrast, Great American relies on the handwritten notes, which suggest that the items were repaired, and offers those handwritten notes to prove the truth of the matter asserted — that the items were indeed repaired. Further, Great American failed to lay the proper foundation for those handwritten notes because it offers no

...
...
...
...
...
...
...

1 | evidence of who wrote those handwritten notes or how they had the knowledge that the items were
2 | indeed repaired.
3 | Dated: 5/30/07                    RYAN MERCALDO & WORTHINGTON LLP

By: /s/ Brian P. Worthington
BRIAN P. WORTHINGTON/Bar No. 006179
RYAN M. VENCI/Bar No. 007547
RYAN MERCALDO & WORTHINGTON LLP
6130 Elton Avenue
Las Vegas, Nevada 89107
Attorneys for Defendant North American Specialty
Insurance Company