UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK,<br><br>    Plaintiff,<br><br>v.<br><br>NORTH AMERICAN SPECIALTY INSURANCE COMPANY,<br><br>    Defendant. | 03:06-CV-00136-LRH-RAM<br><br>ORDER |

Presently before the court is Defendant North American Specialty Insurance Company's motion for reconsideration (#52[1]). Plaintiff Great American Insurance Company of New York filed an opposition to this motion (#56) to which Defendant replied (#63).

Also before the court is Defendant's Motion for Certification of Order Under FRCP 54(b) (#57). Plaintiff filed an opposition to this motion (#68) to which Defendant replied (#69).

**I.    Introduction**

This court previously issued an order that denied Defendant's motion for summary judgment and granted partial summary judgment to Plaintiff. Defendant now asks this court to reconsider its order. Because Defendant has failed to show this court's order was clearly erroneous,

---

[1] Refers to the court's docket

Defendant's motion for reconsideration is denied.

Defendant further asks this court to certify its grant of partial summary judgment to Plaintiff as a final judgment, thereby allowing Defendant to pursue an interlocutory appeal. Because Defendant has not shown Plaintiff has asserted more than one claim in this action and that sound judicial administration compels an immediate appeal, Defendant's motion for certification is denied.

## II.     Facts and Procedural History

This court's February 12, 2008, order disposed of Defendant's motion for summary judgment and Plaintiff's cross-motion for summary judgment by denying Defendant's motion and granting partial summary judgment to Plaintiff. This court found that Defendant has a duty to defend the defendants in an underlying case known as the *Skender* action. This court also found that Defendant is liable for a portion of the expenses Plaintiff has incurred in defending the *Skender* action. Defendant now moves this court to reconsider its order based on what Defendant views as inconsistencies in this court's order. Defendant also asks this court to certify its grant of partial summary judgment to Plaintiff for interlocutory appeal

## III.    Discussion

### A.  Motion for Reconsideration

While the Federal Rules of Civil Procedure do not explicitly recognize a motion to reconsider, this court has the inherent power to revise, correct, and alter interlocutory orders at any time prior to entry of a final judgment. *See Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th Cir. 1958); *Santamarina v. Sera, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). This authority is governed by the law of the case doctrine under which a court will generally not reexamine an issue previously decided by the same or higher court in the same case. *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001); *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998). However, a court may have discretion to depart from the law of case when (1) the first decision was clearly erroneous, (2) there has been an intervening change of law,

2

(3) the evidence on remand is substantially different, (4) other changed circumstances exist, or (5) a manifest injustice would otherwise result. *Cuddy*, 147 F.3d at 1114.

Defendant argues this court erred by finding Defendant has a duty to defend the *Skender* action because this court considered evidence outside of the complaint filed in that action. As support for this contention, Defendant quotes an excerpt from *United National Insurance Co. v. Frontier Insurance Co., Inc.*, 99 P.3d 1153 (Nev. 2004): "Determining whether an insurer owes a duty to defend is achieved by comparing the allegations of the complaint with the terms of the policy." *Id.* at 1158.

Defendant's argument is not well taken. *United National Insurance* also contains the instruction that "[a]n insurer . . . bears a duty to defend its insured whenever it ascertains facts which give rise to the potential of liability under the policy." *Id.* This quotation was taken from the California Supreme Court opinion *Gray v. Zurich Insurance Co.*, 419 P.2d 168 (Cal. 1966) in which the court held that an insurer cannot avoid the duty to defend by asserting that allegations in a complaint filed against its insured do not facially fall within the insurer's policy. *Id.* at 176. The *Gray* court made this point explicit by stating the following: "Since modern procedural rules focus on the facts of a case rather than the theory of recovery in the complaint, the duty to defend should be fixed by the facts which the insurer learns from *the complaint, the insured, or other sources*." *Id.* at 176-77 (emphasis added).

While the Nevada Supreme Court did not quote this language in its *United National* opinion, this court believes that its import is still retained in *United National*'s admonition that "[a]n insurer . . . bears a duty to defend its insured whenever it *ascertains facts* which give rise to the potential of liability under the policy." *United Nat'l*, 99 P.3d at 1158 (emphasis added). That is, if the *United National* court had intended the duty to defend to arise only when an underlying complaint alleges facts that categorically fall within the insured's policy, the court would not have stated the duty to defend arises "whenever it ascertains facts which give rise to the potential of

3

liability." Rather, it would have been sufficient to state that the duty to defend arises whenever the complaint alleges facts that fall within with a policy's coverage.

Defendant also argues that this court erred by not requiring the *Skender* complaint to affirmatively allege that the damage complained of meets all of the policy's conditions for coverage. Defendant's argument misses the clear message of *United National*: "If there is any doubt about whether the duty to defend arises, this doubt must be resolved in favor of the insured." *Id.* at 1158. It would be entirely unreasonable to make an insurer's duty to defend hinge upon whether a third-party's allegations fortuitously meet every condition set forth in the insurer's policy. To determine whether an insurer has a duty to defend, this court must simply consider the underlying complaint and any other facts the insurer learns of. Even if–after this inquiry–doubts remain about the insurer's duty to defend, these uncertainties do not negate the insurer's duty to defend. Sometimes an insured's liability will ultimately fall outside its policy's coverage; however, these ultimate facts will not be known until the underlying litigation is finally resolved. Until that time comes, however, an insurer maintains a duty to defend its insured throughout the course of the litigation. *Id.*

**B. Motion for Certification**

Defendant also asks this court to direct entry of a final judgment under Federal Rule of Civil Procedure 54(b)[2] as to Plaintiff's claim that Defendant has a duty to defend its insured in the *Skender* action. In order for a district court to certify a judgment for appeal under Rule 54(b), a party must show the following: (1) there must be more than one claim involved in the action, (2) the

---

[2] Federal Rule of Civil Procedure 54(b) states the following: "When an action presents more than one claim for relief–whether as a claim, counterclaim, crossclaim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

4

court must have finally adjudicated at least one of these claims, and (3) there are no just reasons to delay an appeal.  Fed. R. Civ. P. 54(b); *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980); *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1524 (9th Cir. 1987).

The court finds Defendant has failed to make a showing that would warrant a Rule 54(b) certification.  First, Plaintiff has failed to show there is more than one claim involved in this action. "[A] complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief." *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 743 n.4 (1976).  In this case, Plaintiff seeks two remedies: (1) a declaratory judgment that Defendant has a duty to defend its insured in the *Skender* action and that Defendant must contribute to expenses incurred in the *Skender* action and (2) equitable contribution for the expenses incurred in defending the *Skender* action.  Even though these remedies are arguably different, they both seek to vindicate a single legal right: Defendant's duty to defend its insured.  Plaintiff's cause of action for declaratory relief seeks a declaration Defendant has a duty to defend its insured and to contribute to litigation expenses as a result of Defendant's failure to defend, and Plaintiff's cause of action for equitable contribution seeks damages for Defendant's failure to defend its insured.

Defendant argues that the right to equitable contribution asserts a separate legal right than the duty to defend because the right to equitable contribution can be sought even if an insurer has not refused to defend its insured.  That is, Defendant contends that "[c]ontribution can be sought so long as one insurer claims the other has not paid its equitable share."  (Def.'s Reply (#69) at 4.) Even taking Defendant's argument at face value, its persuasive appeal has no application in this case.  The parties do not dispute Defendant refused to defend the *Skender* action.  Thus, Defendant's hypothetical situation where an insurer defends its insured but does not contribute its fair share of expenses has no bearing here.

Moreover, Defendant's reply even appears to acknowledge that Plaintiff is seeking

5

1  vindication of the same right in both of its causes of action.  Defendant argues that "[t]he remaining
2  litigation–the contribution claim–would be streamlined by an immediate appeal because it could
3  likely be avoided altogether."  *Id.* at 5.  The only reason this court can discern for an appeal
4  eliminating the contribution cause of action is that Plaintiff's contribution cause of action seeks
5  vindication of the same legal right as its cause of action for declaratory relief.  That is, an
6  interlocutory appeal of Plaintiff's cause of action for declaratory relief would require the Court of
7  Appeals to decide legal issues that would also determine the validity of Plaintiff's equitable
8  contribution cause of action.  Therefore, because Defendant has failed to show Plaintiff has asserted
9  more than one claim in this action, Defendant cannot show it is eligible for Rule 54(b) certification.
10         Furthermore, even if Plaintiff were asserting more than one claim, the court also finds that
11 Defendant has failed to show there is no just reason for delay.  This court's February 12, 2008, order
12 found that Defendant has a duty to defend its insured in the underlying *Skender* action and that
13 Defendant must also contribute a portion of the litigation expenses already incurred in that case.  As
14 both parties acknowledge, the only issue left unresolved in this case is the amount of damages
15 Defendant owes Plaintiff for failing to defend the *Skender* action.  Such a determination would not
16 be lengthy process, whether it is made at trial or through stipulation by the parties.  However, if this
17 court were to certify Plaintiff's declaratory relief cause of action for appeal, this case would be
18 delayed during the time required for an interlocutory appeal–often an extended ordeal.  Therefore,
19 the court finds that interests of sound judicial administration require the parties to reach a final
20 judgment in this case before Defendant may appeal this court's finding that it has a duty to defend.
21 As such, Defendant's motion for certification under Rule 54(b) is denied.
22 **IV.    Conclusion**
23         Because Defendant has not shown this court's February 12, 2008, order was clearly
24 erroneous or meets any of the other exceptions allowing this court to exercise its discretion to
25 modify its order, Defendant's motion for reconsideration is denied.  Defendant has also failed to
26

6

show Plaintiff has asserted more than one claim in this action and that the interests of sound judicial administration compel an interlocutory appeal.  Defendant's motion for Rule 54(b) certification is therefore also denied.

IT IS THEREFORE ORDERED that Defendant's motion for reconsideration (#52) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Certification of Order Under FRCP 54(b) (#57) is DENIED.

IT IS SO ORDERED.

DATED this 14th day of April, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE